Tompkins, J.
delivered the opinion of the court.
In England, tjje cognizance of legacies is confined to the ecclesiastical and equity courts; and in no instance have the commpn law courts assumed a jurisdiction in suits for legacies, except upon an express promise by the executor, in' consideration of forbearance. (5 Term Rep. 690. 1 Ventris, 120.) But our statute authorizes legatees, ’ their 1 executors and administrators, to commence fictions in any court of record in the state for the recovery of the sum bequeathed ; and provides, that if the legacy be due, and there be sufficient assets in the hands of the executors, to discharge the debts and legacies, the plaintiff shall recover the amount of his legacy. To entitle a person to the benefit of this provision, it is evidently incumbent on him to aver, and prove, that at the time of the commencement of his action, the executors had in their hands assets sufficient to pay the debts and legacies of the testator. In the present instance, this fact was peculiarly essential to a recovery by the plaintiffs, because, on the death of Petrus Schoonmalcer, the widow, by the will, was entitled to receive the per-
*246 sonal estate, the use and enjoyment of which during life, or until her remarriage, was thereby bequeathed to her. If the residuary legatee had been disposed to prevent waste of the personal estate, and to ensure to himself the benefit of it after her death or remarriage, a court of equity would have required her to give secut ity for that purpose, or have detained the assets in the hands of the executors, of whom security might have been required,, and have permitted the proceeds only to have been applied to the use of the widow. {Precedents in Chancery, 71.) But if the property had been retained by the executors, which is not admitted by the case; yet, upon the death of the widow, it was by the will given to Jacob, the son of the testator for ever, subject to the payment of the legacy to Greetje, which legacy, to Jacob was, by the will, ordered and directed to pay to her, within one year after the death of the widow. Upon her death, it was clearly the duty of the executors, (which duty, it is to be presumed, was performed,) to have paid and delivered the personal estate to the residuary legatee. Indeed, he had a right to require this of them, for the express purpose of' enabling him to pay this legacy, which was charged upon the estate bequeathed and devised to him, and to prevent his real estate from being incumbered by, or applied to the payment of it. Had the plaintiffs anticipated the insolvency, or doubted the integrity of the widow of the testator, or of the residuary legatee, the court of chancery would probably, upon their application, have interposed its authority, and enjoined, in the hands of the executors, a sufficient portion of the personal estate, to have ensured the ultimate payment of the legacy, or would have exacted security of the residuary legatee for the payment of it, within one year after the death of the widow. This proceeding has not been resorted to, and as the plaintiffs have not averred, or proved, that the executors had, at the time of the commencement of the suit,, assets sufficient to pay the said legacy, which, in my *247 opinion, they are hound to do, to entitle them to recover under the statute, a nonsuit must be.entered according to the agreement, for that purpose, in the case.
Judgment of nonsuit.