DUCASSE, by JUMEL, *her prochein amy, against* CAZE and RICHAUD, administrators of DUCASSE.

The jurisdiction of courts of common law, over claims for distributive shares and residuary portions of intestates' estates, &c., is statutory, and no other actions can be maintained upon such claims, but those given by the statute.

THIS was an action of assumpsit. The declaration contained three counts. The first was a count for money had and received by the defendants, Caze and Richaud, as administrators of Ducasse, deceased; and the second and third counts were common money counts against the defendants in their own right.

Plea, the general issue.

*Graham*, for plaintiff, in opening the case, stated that it was brought to recover the residuary part of the personal estate of Ducasse, the intestate, in the hands of the defendants.

*Mulligan*, upon his opening, moved a non-suit, on two grounds:

1st. For the misjoinder of the counts, which he contended might be taken advantage of at the trial, and cited 11 Mod. 256.(1)

2nd. Because the action ought to have been brought under the statute, 24 SS. c. 174, sec. 18, and ought, therefore, to have been debt or account.

*Colden*, contra, contended that the misjoinder ought to have been taken advantage of by demurrer, and that the defendant's counsel was too late with his objection. That, as to the form of the action, the strict technical construction ought not to be given to the statute, when it says that the action must be debt, detinue, or account; that these words ought to be construed as embracing every form of action, by which the administrators might be called to an account.

KENT, C. J. At common law, an action would not lie in the common law courts to recover a distributive share, or the residuary parts of an intestate's personal estate from his administrators. The jurisdiction of courts of common law, over these cases, arises by the statute. The plaintiff, therefore, must bring his action upon the statute, and bring

(1) Vide post, *Blunt* v. *Zunts.*

himself fully within its provisions, before he can recover. Debt, detinue, and account, are technical words in this statute, and no other actions can be brought.(2)

The plaintiff was non-suited.

*Colden,* for plaintiffs.

*Mulligan,* for defendants.

(2) The Ecclesiastical courts, in England, seem, at one period, to have had exclusive cognizance of all suits relative to legacies; and, although the Court of Chancery now exercises a concurrent jurisdiction, it seems to have been first assumed in the time of Lord Chancellor Nottingham, and then, only as an incident to discovery and account. *Deeks* v. *Strutt,* 5 D. & E., 692; *Atkins et ux.* v. *Hill,* Cowp. 284. The same concurrent jurisdiction is also exercised, in equity, with regard to distribution; the statute containing no negative words excluding such jurisdiction. 2 Fonb. 415, note (d); *Matthews* v. *Newly,* 1 Verm. 134. It seems, however, to be a matter of some doubt, whether the common law courts did not originally possess the exclusive cognizance of such matters, and whether the jurisdiction of the Ecclesiastical court did not grow up *ex concessis,* from the superstition of the times. Perkins, sec. 486; Mr. Buller, *arguendo,* Cowp. 284. Twisden, J., in *Nicholson* v. *Shearman,* (1 Sid. 46,) strongly asserts the original jurisdiction of the common law courts on this subject. He there says: "Testamentary causes did not originally belong to the spiritual courts, but to the temporal courts and the common law; and testaments were proved before lords of manors, as they still are, in some places." And there are many precedents in the books of entries, where actions on the case, and actions of debt, were brought for legacies in the hundred court. *Vide* Rast. 301. However, whether these courts had originally exclusive cognizance or not, is a matter rather of curious than useful speculation; their jurisdiction being well established in England, by long continued acquiescence. As a general rule, therefore, actions for legacies cannot be sustained, at common law, in the common law courts. 5 D. & E., 692; 2 Johns. 246. To this general rule, there are exceptions. In *Atkins et ux.* v. *Hill,* (Cowp. 284,) where an executor, having sufficient assets in his hands, in consideration thereof, promised to pay a legacy, assumpsit was held to lie for the recovery. But, to sustain the action, the promise must be an express promise: the law will not raise an im-

13

Ducasse v. Richaud.

plied promise on the bare possession of assets. *Deeks* v. *Strutt,* 5 D. & E., 690. When a legacy is payable out of lands to be sold by executors, the Ecclesiastical courts, it seems, have no jurisdiction; and, if they attempt to proceed, prohibition lies. The reason of this exclusion is given in *Paschal* v. *Ketirich,* (2 Dyer, 151, b. p. 5,) "because it is not a legacy testamentary, but out of land by reason of the last will, in the performance whereof the court christian has no concern. *Vide etiam,* 7 Johns. 105. Whether a suit at law would lie, in such a case, against a devisee, without an express promise, was left undecided by the court, in *Beecker* v. *Beecker,* 7 Johns. 99. But the court there decided that assumpsit would lie against a devisee, upon an express promise, this case not being within the provisions of the statute, to which we shall presently refer.

An action at law, may also be sustained for a chattel, personal or real, the subject of a specific bequest, after the assent of the executor, which assent vests the title in the legatee. *Lord Say and Sele* v. *Grey,* 3 East. 120. In all other cases, in England, the proceedings must be in the Court of Chancery, or in the Ecclesiastical court. But, by a statute of this state, (1 R. L. 314,) all persons entitled to any legacy, of any sum of money, or other personal goods or chattels, or residuary part of any personal estate, by last will or testament, or to any share on the distribution of the estate of any intestate, may recover the same when due, in an action of debt, detinue, or account, as the case may require, in any court of record, if there be more than sufficient assets in the hands of the executors or administrators to discharge the debts of the testator or intestate; and, if such assets be not sufficient to pay all the legacies, an abatement shall be made, and a proportional part only recovered. Before any action, however, can be commenced under this statute, certain acts must be done by the plaintiff: 1st. There must be a reasonable demand of the legacy or distributive share; 2nd. This demand must be accompanied with an offer of a bond, with two sufficient sureties, in double the amount of the share or legacy, conditioned to refund the whole or part, if a deficiency of assets should afterwards occur; 3rd. If the same be refused, then the approbation of the court must be obtained to the bond, after which it must be filed with the clerk of the court, out of which the process is to be issued. If process issues without observing these prerequisites, the process abates. In declaring under this statute, it is necessary to aver and prove, that, at the time of the commencement of his action, the executors had, in their hands, assets sufficient to pay the debts and legacies of the testator. *De Witt* v. *Schoonmaker,* 2 Johns. 243.

The time and manner of proceeding at law, since the revision of the statutes, in 1830, will be found in 2 R. S., sec. 6. The concurrent jurisdiction of the Surrogate over the same matter; Ib. sec. 19, and Dayt. Surrog. p. 152.