JEFFERSON COUNTY—HON. MILTON H. MERWIN, SURROGATE—September, 1860.

## CALKINS *v.* CALKINS.

*In the Matter of the Distribution of the Estate of* SETH CALKINS, *deceased.*

Where a will bequeaths to the widow generally, all the personal estate for life, with remainder over, the whole must be converted into money and invested by the executor, and the income paid over to the widow.

The will read, "I give and bequeath to my beloved wife, Nancy, all my real estate, personal property, house, furniture, &c., to have and to hold as hers as long as she shall live; and after her death, the property that is remaining I request to be divided among my surviving children," naming them.    *Held,* that the bequest was general and not specific, and that the money in the hands of the executor, after payment of the

debts, should be invested by him in permanent securities, and the income paid over to the widow.

This was an application for the final settlement of the accounts of the executor, &c., of Seth Calkins, deceased. The facts will sufficiently appear in the opinion.

THE SURROGATE.—From the account of the executor, there appears to be in his hands for distribution, as of 11th September, 1860, the sum of $1,245.27, being the balance of the estate after paying debts, &c. The will reads as follows: "I give and bequeath to my beloved wife, Nancy, all my property, real estate, personal property, house, furniture, &c., to have and to hold as hers as long as she shall live; and after her death, the property that is remaining I request to be divided equally among my surviving children," naming them.

The question to decide is, whether the balance in the hands of the executor shall be paid over to the widow, or be kept in his hands, invested, and the annual interest paid to the widow.

In *Spear* v. *Tinkham* (2 *Barb. Ch.*, 211), the testator gave to his widow the use and occupation of his personal property; and after her death he gave the property to a son, &c. It was held that the executor should have invested the property and paid the interest to the widow, but kept the principal for the remainder-man. The chancellor says: "As a general rule, where there is a bequest of the whole of the testator's personal estate, or of the residue thereof after payment of debts and legacies, to one person for life, with a remainder over to others, the whole must be converted into money and invested in permanent securities by the executor, and the income paid over to the person entitled to the life estate."

In *Covenhoven* v. *Shuler* (2 *Paige*, 122), the will gave the use of personal estate to the widow, remainder over. Held, that the executor must invest and pay over income. The chancellor says: "Where there is a general bequest of a residue for life, with remainder over, although it includes articles that will consume in using, as well as those that do

not, and other property, the whole must be converted into money, invested, and the income only paid to the legatee for life."

So in *Howe* v. *Earl of Dartmouth* (7 *Ves.*, 137), the will gave to the widow all the personal estate for her life. Held, where personal property is bequeathed for life, with remainder over, and not *specifically*, it is to be invested and interest paid over. A bequest of personal estate is not specific, merely from being combined with a devise of land. Every devise of land is of necessity specific, whether in particular or general terms: otherwise as to personal property. (See, also, *Fearns* v. *Young*, 9 *Ves.*, 549 ; 2 *Williams on Ex.*, 1257, 1058–59.) If personal property is bequeathed *specifically* to one person for life, with remainder over, then the property is to be enjoyed *in specie* by the tenant for life. But when the bequest is not specific, then the property must be invested, and the tenant for life paid the income. (2 *Williams on Ex.*, 1058.) But when any indication is to be found in the will of an intention, by the testator, that the property is to be enjoyed *in specie* in its existing state, it shall be so enjoyed. (2 *Williams on Ex.*, 1059.) The cases cited in *Williams* as exceptions to the general rule, appear to be English cases, and, as far as I have examined them, apply to leasehold property and annuities : as when the testator bequeathed the use of property which was leasehold property, and, of course, the use as it stood at the death would be more than the use or income of the value invested : the court, in a number of cases, gave the tenant for life the use as it stood at the death. In the present case, there would be no difference between the use, that is, the income, as it was at the death, and as it would be, invested. The case of *Dewitt* v. *Schoonmaker* (2 *Johns.*, 243) does not, I think, assume to decide any thing different from the general rule laid down by the chancellor in *Covenhoven* v. *Shuler* (2 *Paige*, 122), above cited. In the case in question, the bequest is general, not specific; and, under the authorities cited, I think the money in the hands of the executor should be invested, and the interest only paid to the widow.