Stephen E. Westcott, trustee, *vs.* Thomas W. Nickerson & others.

Suffolk.  Nov. 16, 1875. — June 20, 1876.  Colt & Lord, JJ., absent.

Where a testator bequeaths the residue of his personal property, without specific description or other words indicating an intention that it shall be enjoyed *in specie*, and the property is invested in a commercial partnership, in which it is directed by the testator to remain for a short time, and not for the purpose of a lasting investment, the amount received upon the winding up of the partnership is to be distributed between the tenant for life and the remainderman by computing what sum, if received at the death of the testator, adding interest at six per cent. with annual rests, would produce the amount afterwards actually received from the partnership, and by investing the original sum, so computed, as principal, and distributing the residue as income.

Bill in equity by the trustee under the will of Stephen Westcott, to obtain the instructions of the court. The case was heard on the bill and answers by *Wells*, J., and reserved for the consideration of the full court, and was in substance as follows

The testator, by his will, dated July 26, 1869, bequeathed to the plaintiff the residue of his property, in trust " to safely and prudently invest the same, and to pay over the income and inter est thereof," in equal parts, to his children for life, payments to be made quarter yearly, and the remainder in fee to his grand-children on their coming of age. The will also contained the following clause : " It is my will that the business of the firm of S. Westcott & Son shall be continued until the first day of March following my decease, and that said business shall be set-tled and wound up as soon after said first day of March as can safely and prudently be done."

The testator died on June 13, 1874, and at this time was a member of the firm mentioned in the will, engaged in the leather business. There were no articles of partnership. The testator's interest in his business at the time of his death was worth $162,514.07. The business was continued until March 1, 1875, when the interest of the estate of the testator in the business was worth $193,919.57. The testator left children and grand-children, and the question submitted to the court was whether the children were entitled to the difference between the sums above mentioned as income, or whether the whole or a part thereof was to be regarded as principal.

*M. Storey,* for the children of the testator, contended that the case was taken out of the general rule laid down in *Kinmonth* v. *Brigham,* 5 Allen, 270, by the fact that the conversion of the estate was not to take place at the death of the testator; and cited *Hinves* v. *Hinves,* 3 Hare, 609 ; *Skirving* v. *Williams,* 24 Beav. 275 ; *Collins* v. *Collins,* 2 Myl. & K. 703 ; *Alcock* v. *Slo-per,* 2 Myl. & K. 699 ; *Pickering* v. *Pickering,* 2 Beav. 31 ; *S. C.* 4 Myl. & Cr. 289 ; *Hubbard* v. *Young,* 10 Beav. 203 ; *Hind* v. *Selby,* 22 Beav. 373 ; *Boys* v. *Boys,* 28 Beav. 436 ; *Daniel* v. *Warren,* 2 Yo. & Col. Ch. 290 ; *Burton* v. *Mount,* 2 De G. & Sm. 383 ; *Lovering* v. *Minot,* 9 Cush. 151 ; *Sargent* v. *Sargent,* 103 Mass. 297.

*J. O. Teele,* for the grandchildren.

GRAY, C. J. Where a testator bequeaths the residue of his personal property, without specific description or other words in-dicating an intention that it shall be enjoyed *in specie,* first to a tenant for life, and then to a remainderman, and thus manifests

his purpose that the same fund shall be successively enjoyed by both, the necessary inference and the established rule are that it must be invested as a permanent fund, and the value thereof fixed at the time when the right of the first taker begins, that is to say, at the death of the testator. And where, as in the present case, the property is then invested in a commercial partnership, and is directed by the testator to remain in that form for a short time, merely for the purpose of winding up the business of the partnership and ascertaining the amount of the fund, and not for the purpose of a lasting investment, the amount received upon the winding up of the partnership is to be distributed between the tenant for life and the remainderman, by computing what sum, if received at the death of the testator, adding interest at six per cent. with annual rests, would produce the amount afterwards actually received from the partnership, and by investing the original sum, so computed, as principal, and distributing the residue as income. *Kinmonth* v. *Brigham*, 5 Allen, 270. *Sargent* v. *Sargent*, 103 Mass. 297. *Fearns* v. *Young*, 9 Ves. 549. *Meyer* v. *Simonsen*, 5 De G. & Sm. 723. *Brown* v. *Gellatly*, L. R. 2 Ch. 751. *Spear* v. *Tinkham*, 2 Barb. Ch. 211.                                         *Decree accordingly.*