SILAS MARLETT AND OTHERS, APPELLANTS *v.* RACHEL MARLETT, EXECUTRIX ETC., IMPLEADED ETC., RESPONDENT.

*Will — action for construction of — when and by whom maintainable.*

Where a testator has, by his will, conveyed an estate in certain lands to his wife, which estate is claimed by her to be an estate in fee, and by his heirs at law to be one for her life only, the heirs at law cannot maintain an action for the judicial construction of the will, and to have the estate to which she is entitled judicially determined.

A testator appointed his wife executrix of his will, and gave to her his residuary estate either for life or absolutely. *Held,* that his next of kin could not maintain an action to have the nature of the estate to which she was entitled, declared, unless it was shown that she was squandering or wasting the estate, or that she was unable to respond to the plaintiff, at the termination of the life estate, or to those who might then represent them.

The plaintiffs are heirs-at-law and next of kin of one Silas Marlett, deceased. The defendants are the executrix, and the legatees, and devisees under his will. The complaint sets forth the will at length, and avers that Rachel Marlett is entitled under the same only to a life estate in the real and the personal property, and that she claims that she is the owner thereof in fee. It avers that she has given away and threatens to give away and squander the personal estate; and the complaint asks a construction of the will.

The answer admits the will, and avers that Rachel Marlett claims to own the real and personal property absolutely; puts in issue the giving away and squandering of the personal property, and demands that the will be construed so that she shall be declared to be the owner absolutely.

On the trial no evidence whatever was given of any squandering or giving away of the personal property. The only proof given was of the inventory and of the refusal of the executrix to bring an action for the construction of the will. The Special Term decided that by the will the real estate vested in Rachel Marlett, with the right to dispose of the same in her lifetime absolutely; and the personal estate passed to said Rachel and vested in her absolutely; and dismissed the complaint with costs against the plaintiffs.

*Countryman & Bowen*, for the appellants.  The executrix is the trustee for the next of kin, having under the will the use, control and management of the estate during her life, when it passes to the *cestuis que trust* under the statute of distribution.  (3 Williams on Executors [6th Am. ed.], 2005, 2117; 1 Perry on Trusts [2d ed.], § 94; Willard's Equity Jurisprudence, 490; 2 Story's Eq. Juris., § 1208; 3 Revised Statutes [6th ed.], p. 104, § 90.) Any one claiming an interest in the *personal* estate, either as legatee or under the statute of distributions, may maintain an action against the executrix for the construction of the will, where the provisions to be construed will affect such interest.  (*Bowers* v. *Smith*, 10 Paige, 193, 199, 200; *Walrath* v. *Handy*, 24 How., 353, 356; *Bailey* v. *Briggs*, 56 N. Y., 407, 413.)

*Samuel S. Edick*, for the respondent.  This action cannot be maintained, and the plaintiffs should have been nonsuited at the trial.  Even were the complaint good as in an action in the nature of a bill *quia timet*, then the question arises that no evidence whatever was given on the trial showing waste or contemplated waste.  (*Chipman et al.*, v. *Montgomery, etc.*, 63 N. Y., 221, 232; *Brown* v. *Rickets*, 3 John. Ch., 553; *Brown* v. *Smith*, 10 Paige, 193, and cases cited therein.)  In other words, this action is one solely for construction prosecuted by heirs-at-law, and cannot be maintained.  (*Brown* v. *Smith*, 10 Paige, 200; *Post* v. *Hover*, 33 N. Y., 593.) There is no effort even to enforce any rights or to correct any wrongs.  The question to be decided is one purely of law.  (*Bailey* v. *Briggs*, 56 N. Y., 413; *Onderdonk* v. *Mott*, 34 Barb., 112; *Woodruff* v. *Cook*, 47 id., 305; Chapter 238, Laws of 1853; *Post* v. *Hover*, 33 N. Y., 601; *Heywood* v. *City of Buffalo*, 14 N. Y., 540.)

LEARNED, P. J.:

If the court was right in giving any construction whatever to the will, then the complaint could not be dismissed.  On the other hand, if the complaint was dismissed then the court could not properly give any construction to the will.

The plaintiffs ask the court to decide for them, whether the devise and legacy to Rachel Marlett gives her the whole owner-

ship or only an estate for life. If the will gives her the whole ownership, they have nothing. If it gives her only an estate for life, then the remainder goes to them. as heirs-at-law. and next of kin; but not by the will.

First, as to the real estate. There is no dispute that she is entitled to this for life. At her death the plaintiffs, or the persons who shall then represent the heirs of the deceased, can bring ejectment and can try the question of title. It is, and it will be, a purely legal question, and it should be settled only by an action in ejectment. No equitable question can arise. The court should not be asked to decide the title now, when the plaintiffs, as they admit, are not entitled to possession. The decision in *Baily* v. *Briggs* (56 N. Y., 407), substantially affirms this doctrine, and see *Bowers* v. *Smith* (10 Paige, at page 200).

Secondly, as to the personal estate. Rachel Marlett is the executrix, and she is also the residuary legatee. That is, she takes the residuary estate either for life or absolutely. The plaintiffs claim that, as legatee, she took only a life estate. But, even if this were so, then either she would be entitled to receive the legacy from the executrix, giving therefor an inventory and receipt, *Spear* v. *Tinkham* (2 Barb. Ch., 211); or else, the legacy being residuary, the executrix should invest and hold the legacy, paying the income to the legatee for life. (*Covenhoven* v. *Shuler*, 2 Paige, 122.) In either case therefore Rachel Marlett, as legatee or as executrix, is entitled to the possession of the legacy. There is no proof whatever that she is squandering, or wasting, or parting with the property. There is no allegation that she is not able to respond to the plaintiffs, or to any one who shall represent them, when her estate for life (if she has only such estate) shall have ceased. So that the action fails altogether as one *quia timet*.

The plaintiffs' counsel cites a remark of the Chancellor in *Bowers* v. *Smith*, (10 Paige, at 199), to the effect that an executor takes the personal property as trustee, and that a person claiming an interest may file a bill to settle the construction of the will; but the Chancellor adds, "and to enable him to *obtain* from the executors such portions of the estate as he is either legally or equitably entitled to." Now the difficulty with the present case is that the plaintiffs, at this present time, are confessedly not

entitled to anything in possession. All that they claim is that, at some future time, they or some persons succeeding to them, will be entitled to this personal property. And as they do not show that the property is in danger of being lost, there is no occasion for their bringing any action. Advisory suits should seldom be permitted except when brought by trustees, or *quasi* trustees, for their own protection.

The learned justice who decided the case seems, however, to have been induced to give an opinion by the pleadings of the parties. But the defendants on the trial moved for a nonsuit on the ground of want of jurisdiction, and on the ground that the plaintiffs had not shown sufficient facts. So that they insisted, on the trial, that the action could not be maintained. The language of the answer, when the defendants ask that the will be construed to give Rachel Marlett a fee, is not to be taken as a waiver of the objection that such an action as this could not be maintained. It is only the statement of the defendant's construction of the will. There should then have been no judgment construing the will; but the complaint should have been simply dismissed. On the construction of the will we express no opinion.

The judgment must be modified accordingly with costs of the appeal against the plaintiffs.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment modified so as to dismiss the complaint, without giving any construction to the will, and as so modified affirmed, with costs of appeal against plaintiff.