NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
November, 1878.

## BERWICK v. HALSEY.

*In the matter of the estate of* CATHARINE A. BERWICK,
*deceased.*

An executor who deposits the funds of the estate in a bank to his individ-
ual account, mingles them with his own, and employs them in his own
business, is chargeable with compound interest, although there is proof
that he had good reason to keep the funds of the estate uninvested.

Costs awarded to the plaintiff in an action against an executor will be pre-
sumed to be payable out of the estate, and not by the executor person-
ally.

MOTION to confirm the report of auditor upon final
accounting of executor.

The facts appear sufficiently in the opinion.

MILLER, PEET & OPDYKE, *for executor.*

JAS. J. THOMSON, *for legatee.*

RUFUS L. SCOTT, *for legatee.*

THE SURROGATE.—It appears that the executor, soon
after receiving letters on the 30th June, 1876, received
the principal amount of the assets, amounting to between
$4,000 and $5,000, and deposited the same in a bank to
the credit of his individual account. This he alleges was
done because of the difficulty of making satisfactory
investments, and to meet the current demands upon the
estate, including the expenses of administration, and
that such deposit was advised by his counsel. It also
appears that certain claims were presented to the execu-
tor, which he rejected, and references were made under

the statute, resulting in the claims being sustained, and judgment entered thereon. The Supreme Court on motion awarded costs, which, it is presumed, were directed to be paid out of the estate, and which the executor paid and charged against the estate, together with a bill of his counsel for defending the proceedings.

The auditor finds that the executor deposited the money belonging to the estate in bank, under the advice of counsel, because of the difficulty of making secure investments, and that he should not be charged with interest thereon; that the costs paid on the judgments rendered for the disputed claims, and the bill of his counsel, were properly charged to the estate as a credit to the executor. Exceptions have been filed by the legatees, to the report, sixteen in number, but which really raise no substantial question except the three above stated. Schedule "A," with the executor's testimony, shows the receipt of money belonging to the estate at the time, and for the amount stated above. But the bank account of the executor, given in evidence, shows that less than $800 was deposited before the September following, and less than $2,000 before November 23d, when $3,000 was deposited; that the executor had drawn out about $1,700 at the latter date, while he had paid for the estate not to exceed $400. He had on that day deposited, in all, over $4,700, which, with certain funds retained by his counsel, amounted to about $5,500, or more than the whole assets of the estate, showing that he had deposited his own funds to the credit of the same account. The bank account continues to May, 1878, and shows a continuous debit and credit, and a balance of less than $900, while his account admits assets

in hand of $2,343.88. The auditor charges him $2,429.28, showing not only that the executor mingled the trust funds with his own, but that he used such funds for his own business proposes.

Upon these facts it seems impossible for the executor to escape the payment of compound interest (Haslar v. Haslar, 1 *Brad.*, 248 ; Duffy v. Duncan, 35 *N. Y.*, 187 ; Spear v. Tinkham, 2 *Barb. Ch.*, 211), although he should be credited for payments made for the benefit of the estate, in addition to the interest thereon. The charge of compound interest is only made upon the ground of gross delinquency, or intentional violation of duty. (Ackerman v. Emmott, 4 *Barb.* 626 ; Lansing v. Lansing, 45 *Id.*, 182 ; 31 *How. Pr.* 55.) Proof that the executor had good reason to keep funds uninvested to meet expected demands, will not aid the executor in this case, for he had no right to deposit such funds in his individual name, and thus subject them to the risks of his business, and the fluctuations of his credit, much less to use them in his own private business. (*In re* Robert H. Moran, *Daily Register*, July 22, 1878.) Such deposit and use were in my opinion gross delinquency, and must be held to have been an intentional violation of duty. If such misappropriation of trust funds can be sanctioned, then can every barrier be broken down which has been erected to preserve the right of the *cestuis que trust.*

The fact that the funds were deposited in bank under the advice of counsel does not relieve the executor, for it does not appear that such counsel advised such deposit in the individual name of the executor, or the unlawful use thereof. The executor, when he mingled

the trust funds with his own, should be held to have borrowed them, and be charged interest as upon a loan. But it appearing that he has applied them to his own use, he is chargeable with compound interest.

It does not appear whether the costs allowed in the judgment rendered for the contested claims were ordered paid by the executor personally or out of the fund; but in the absence of such proof, the presumption is that the latter was the case. Section 41, 2 *R. S.*, 90, provides that the court may direct such costs to be levied upon property of the defendants or of the deceased as shall be just, upon reference to the facts that appeared on the trial. If the Supreme Court directed that such costs be levied upon the property of the defendant, then evidently it was done for the reasons stated in that section; but if leviable on the deceased's property, then clearly they should be charged to the estate, as should also the amount paid for professional services on the contesting of the claim.

This case seems to have been imperfectly tried, leaving several matters in doubt, particularly the time when the money was received by the executor, and the nature of the order directing costs by the Supreme Court. A transcript of the bank account shows that the executor drew out considerable money that was not used for the benefit of the estate, and if it be claimed that he had drawn it out and invested it in other securities, the answer is that his account filed shows no such investment, and if any such exists, he, as representative of the estate, knowing all the facts, should be required to show the fact. Unless the parties can agree upon the terms of a decree,

upon the basis of this opinion the matter will have to go back to the auditor for further proof.

Ordered accordingly.