HENRY S. MUDGE *vs.* FRANCIS E. PARKER & others, trustees, & others.

Suffolk.    Jan. 28. — March 25, 1885.    DEVENS, W. ALLEN, & COLBURN, · JJ., absent.

A testator by his will directed the trustees thereunder to hold the residue of his property "invested as they may receive the same, or at their discretion to sell or exchange the same."    From before the date of his will to his death he was a member of a partnership whose articles provided that, if any member should die, his executors should be entitled to his share of the profits up to the time of taking the second semiannual account after his death.    The articles also declared that, the business requiring no capital, none was contributed, but provided for loans to the firm by the partners when needed, at a specified rate of interest.    At the time of his death he had lent the firm a large sum of money. *Held,* that profits received by the trustees over and above interest on the loans should be treated as capital, and not as income.

HOLMES, J.  The plaintiff sues as *cestui que trust* for life under the residuary clause of his father's will.  By that clause the trustees, defendants, are "to hold the said property invested as they may receive the same, or at their discretion to sell or exchange the same," &c.  From before making his will until his death the testator was a member of a partnership under written articles, by which it was provided that, if any partner should die during the partnership, his executors should be entitled to his share of the profits up to the time of taking the second semi-annual account after his death.  The articles declared that, the business requiring no capital, none was contributed, but provided for loans to the firm by the partners when needed, and the testator had lent a large sum to the firm accordingly.  The trustees have received a large amount of profits, in addition to interest on the loans, and the plaintiff contends that these profits are income to which he is entitled, and that the so-called loans to the firm are really capital, upon which the profits are a return.

Assuming the plaintiff's contention upon the last point to be correct, still the case is governed by *Westcott* v. *Nickerson*, 120 Mass. 410, unless the words which have been quoted from the will are sufficient to distinguish it, and we think it very plain that they are not.  It is true that, when the same words were before the court in *Hemenway* v. *Hemenway*, 134 Mass. 446, 452, it was said that "the power thus given to hold the property as they may receive it, is not an extension of the time for conversion, but authority to continue an investment as such, and the whole net income of investments thus authorized must go to the tenants for life by the terms of the will."  And we think that language perfectly correct, applied, as it was intended to be applied, to the case before the court, which was that of a bond worth more than par, and happening to have but a short time to run at the testator's death.  Whether any qualification would be necessary, as has been argued, if the investment was a leasehold for a short term of years, or, in the present case, if capital contributed to the firm under these articles fell within the clause of the will, need not be considered.  For while in *Hemenway* v. *Hemenway* there was no question that the bond did fall within the clause, our opinion in this case goes on the ground that the clause does not apply.  The clause by its terms only applies

when it is possible for the trustees at their sole election to hold the property permanently invested as they receive it. It cannot apply to investments that are determined by the very fact of the testator's death; and it does not alter the case that the investment, although determined by the death, is not determined at the death, but is continued by contract for a certain time, which the trustees have no election to prolong or abridge.

*Bill dismissed.*

*H. G. Parker & F. Dabney*, for the plaintiff.
*F. E. Parker*, for the defendants.