Hill v. Hill.

---

JOHN W. HILL, Executor, &c., of JACOB B. HILL, deceased, Appellant, v. MARY HILL and others, Respondents.

(GENERAL TERM, EIGHTH DISTRICT. MAY, 1870.)

Testator gave his homestead farm, and all his personal estate, mainly household furniture, farming implements and stock on the farm, *durante viduitate*, and in lieu of dower, to his widow, for her maintenance, and as

Hill *v.* Hill.

means in hei hands, or under her control, for bringing up, educating, &c., his four minor children, who were to remain with the widow at her dwelling on the farm, and beyond the value of their services, at her expense, which she was to defray out of his estate or its income; the farm to remain unsold and undivided during the widow's estate, she, with the advice and assistance of the executors, to control and manage his estate for her own and the children's benefit, and for the purposes intended by the will, and, as fast as consistent therewith, to advance to the minors, at the age of twenty-one, such.portions of the estate given them respectively as, with the executors, she might deem practicable and reasonable. There was a limitation over, after the widow's estate, to the testator's five children, who were then given the residuary real and personal estate.

The testator's children were all twenty-one at the time of his decease.

*Held,* that the executors were not entitled to convert the personal property into permanent securities, and pay the income thereof to the widow; but that it passed to her *in specie,* and in trust for the purposes specified in the will.

APPEAL from a decree of the Orleans county Surrogate's Court, on the final accounting of the executors of Jacob B. Hill.

Jacob B. Hill made and published his will in January, 1850. He died in May, 1867. The proceedings before the surrogate were upon the petition of Mary Hill, the widow of the testator, to compel the executors, &c., to render an account. The inventory of the property of the deceased was filed May 6, 1869; and the account of James E. Hill, one of the executors, was filed June 7, 1869; and of the other executor, John W. Hill, the same day; and the trial was had after this date, on several days. The decree of the surrogate was made August 23, 1869; one of the executors, John W. Hill, filed his petition of appeal October 13, 1869; and the respondents answered the petition of appeal in November. The principal question in the case arose under the will: Mrs. Hill, the widow, claimed, under the will, all the personal property of the testator, and the Surrogate's Court sustained the claim. The appellant, John W. Hill, insisted that such construction of the will was erroneous.

The testator first gave his homestead farm, about 145 acres, to his wife, Mary Hill; also all his goods, chattels and personal estate and property, to have and to hold, the farm

Hill *v*. Hill.

and personal property subject to the provisions of the will, and for the uses and purposes mentioned and expressed, " for and during the term of her natural life," if she survived him, and so living remained his widow. After her decease, &c., he gave and devised all his real and personal estate to his five children, naming them, to have and to hold, &c., &c., forever, share and share alike. He declared that the gifts, &c., to his wife, were intended and designed for the maintenance and support of his wife, and as means therefor, and also as means in her hands, or under her power and control, for the bringing up, maintenance, support and education of his infant or minor children, John, Mary, James and Cynthia, and for carrying into effect the provisions, intent and purposes of the will.

He directed that his infant children should remain, and continue to abide with his wife, at her dwelling-house on the homestead farm, &c.; and that they should be under her control and management; and that they should serve and obey her as if she were their father and guardian. He directed how they should be brought up, and the costs and expenses, over and above the value of their labor and services, were required to be borne by his wife, and defrayed by her out of his estate, or the profits and income thereof. He directed that his homestead farm should remain unsold and undivided during the life of his wife, &c., and that she should, with the advice and assistance of his executors, control and manage his estate for her own benefit and that of his said children, and for the purposes intended and mentioned in the will, and that she, from time to time, and as fast as she reasonably might, consistently with the provisions of the will, should give and advance to his minor children, when they attained the age of twenty-one, &c., such part or parts of the shares, or portions of in or out of his estate, given to them respectively, as she and his executors should deem practicable and reasonable under the provisions of the will. Regard was to be had to any advancements made by him to any of his children, so that his

children should share alike as nearly as practicable. The provisions for his wife were declared to be in lieu of dower, and all demands or claims by her.

The gifts and devises were to be taken, subject to the payment of his debts and the funeral expenses of himself and wife, and the costs and expenses of carrying into effect the will. He appointed his sons, John and James C., his executors. The four children, mentioned in the will as minors, were all of full age at the time the testator died. The particular exceptions taken to the decree of the surrogate are noticed in the opinion.

*John H. White,* for the appellant.

*Reynolds & Crandell,* for the respondents.

Present—MARVIN, BARKER and DANIELS, JJ.

By the Court—MARVIN, P. J. The surrogate declares that the true intent and meaning of the will is, that after paying the debts, &c., the residue of the personal estate should be and remain in the possession, custody and control of the widow, Mary Hill, for her own use, maintenance and enjoyment during her natural life, &c.; and the accounting of the executors was made upon this basis.

I think the surrogate has put the proper construction upon the will. The house, farm and the personal property are devised and bequeathed together. They were to be kept and used together for the maintenance and support of his widow, and as means therefor, and also as means in her hands, or under her power and control, for the bringing up, maintenance, support and education of the infant children, &c. These children are to be brought up on the farm. They are to labor, &c., and the costs and expenses of bringing them up, supporting and educating them, over and above the value of their labor and services, are directed to be borne by his wife and defrayed by her out of his estate or the profits and income thereof. By the whole scheme of the will the personal property

Hill *v.* Hill.

was given to her, charged with certain trusts. Some of the duties imposed upon her did not arise and become operative, as the contingencies contemplated did not arise. The children, who were infants when the will was made, had attained full age before the decease of the testator, so that the provisions relating to maintenance and education became inoperative. But the purposes to which the testator devoted the property were not limited to these children. One of these purposes was the maintenance and support of the widow. The testator directs that his wife, during her life, shall, with the advice of his executors, control and manage the estate for her own benefit and that of his children, and for the purposes intended and mentioned in the will; and that she from time to time, and as fast as she reasonably can, consistently with the provisions of the will, give and advance to his children John and James, when they respectively attain the age of twenty-one, and to Mary and Cynthia, when, &c., such part or parts of the shares or portions of in or out of his estate above given them respectively, as she and his executors shall deem practicable and reasonable under the provisions of the will. As to the personal property, it was given to Mrs. Hill for life, for certain purposes specified. She holds it in trust, and the executors, as such, after paying the debts, &c., have no interest in or control over the residue. The management of this property is not involved in this accounting. If Mrs. Hill, the widow, is not managing or using the property, as was intended by the testator, proper remedies may be resorted to, for the protection of the property, for the benefit of those to whom it is given upon the termination of the estate of Mrs. Hill. The inventory of the property shows its value to be some $2,000, and it consists mainly of household furniture and farming implements, and some stock on the farm. By the will she was to use and manage the farm and occupy the lands. I think it was the intention of the testator that his widow should possess and use the property, *in specie.* The general rule undoubtedly is that when there is a general bequest of a residue for life, with a remainder over, the pro-

perty must be sold and converted into money by the executor, and the proceeds must be invested in permanent securities, and the interest or income is only to be paid to the legatee for life. Chancellor Walworth so stated the general rule in *Covenhoven* v. *Shuler* (2 Paige, 132). He recognizes the rule in *Clark* v. *Clark* (8 Paige, 160); also, in *Spear* v. *Tinkham* (2 Barb., Ch. R., 214), where he cites *How* v. *Earl of Portsmouth* (7 V., 137); *Fearns* v. *Young* (9 id., 549). I have looked into these cases, and they are all unlike the present case. There was no difficulty, in them, in carrying out the general principle without doing violence to the intentions of the testator. In the present case, had the testator died soon after the making of his will, during the minority of some of his children, a sale of the personal property would have defeated the clearly expressed intentions and directions of the testator. To deprive the widow now of the personal property, mainly agricultural implements and household furniture, would defeat the intention of the testator. It was to her that the direction was given, with the advice and assistance of the executors, to give and advance to the children, as they should attain the age of twenty-one, such part or parts of the shares or portions of in or out of his estate given to them respectively, as she and his executors should deem practicable and reasonable under the provisions of the will. She is charged with this obligation. In short, I think there was no error in the decree in refusing to charge the executors with the residue of the personal property. It was to remain with the widow, or be delivered to her.

Several minor errors are alleged by the appellant in the accounting. I have examined them, and do not think that the objections taken by the appellant are well founded.

The decree of the Surrogate's Court should be affirmed, with costs, to be paid out of the estate.

Decree affirmed.