SOPHRONIA A. GETMAN, AS EXECUTRIX, ETC., OF JOHN H. McMAHON, DECEASED, RESPONDENT, *v.* LANY McMAHON, APPELLANT.

*Legacy — when it is specific and not general — rights of a legatee for life of specific articles of personal property — when security need not be given.*

The plaintiff's testator devised and bequeathed to his wife, after all his lawful debts were paid and discharged, the use, income and occupation of all his real estate, in lieu of dower, for and during her natural life; and from and after her decease he gave and devised the use, income and occupation thereof to his daughter, for and during her life; and from and after her death he gave and devised all his real estate to her children and lineal heirs. He also made a bequest in favor of his wife, as follows : " I also further give and bequeath to my wife Lany McMahon, the use and control of all my personal property whatsoever, on the farm and in the house, at the time of my decease, and for her to have, to use and enjoy the same for her comfort and support for and during the time of her natural life. After my wife Lany McMahon's decease, whatever of my personal property may then be left, I give and bequeath said personal property to my daughter Sophronia A. Getman." The will contained no general residuary clause.

*Held,* that the gift of the personal property was a specific and not a general legacy.

That the widow should give to the plaintiff, the executrix and daughter of her deceased husband, an inventory of the articles bequeathed, stating that they were in her possession, under such bequest; and that at her death they, or so many or so much of them as should not have been consumed by a reasonable and proper use, were to be delivered to the plaintiff.

That as there was no proof of danger that the articles would be wasted or otherwise lost to the remainderman, the widow should not be required to give security.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

The action was brought to obtain a construction of certain portions of the will of the plaintiff's testator and father.

The will contained the following, among other provisions:

*First.* After all my lawful debts are paid and discharged, I give, devise and bequeath to my wife, Lany McMahon, the use, income and occupation of all my real estate whatsoever, for her to have in lieu of dower, for her support and maintenance, and comfort for and during her natural life.

\* \* \* \*

*Third.* After my wife's decease, I give, devise and bequeath to my daughter, Sophronia A. Getman, the use, income and occupation of all my real estate whatsoever and for her to have, hold and occupy for and during her natural life.

*Fourth.* After my daughter Sophronia A. Getman's decease, I give and devise all of my real estate of every name and nature whatsoever to the children and lineal heirs of my daughter, Sophronia A. Getman, and for said children to share and share alike and for them to have and to hold the same absolute and forever.

*Fifth.* I also further give and bequeath to my wife, Lany McMahon, the use and control of all my personal property whatsoever on the farm and in the house at the time of my decease, and for her to have to use and enjoy the same for her comfort and support, for and during the time of her natural life.

*Sixth.* After my wife Lany McMahon's decease, whatever of my personal property may then be left I give and bequeath said personal property to my daughter Sophronia A. Getman, and for her to have and hold the same forever.

*Wayland F. Ford,* for the appellant.

*Dorwin & Brown,* for the respondent.

SMITH, P. J.:

The principal question is whether the gift of personal property to the wife of the testator, contained in the fifth clause of his will, is a specific legacy. The words are: "I also further give and bequeath to my wife Lany McMahon the use and control of all my personal property whatsoever on the farm and in the house at the time of my decease and for her to have to use and enjoy the same for her comfort and support for and during the time of her natural life."

We incline to the opinion that the legacy, being limited to the testator's property at a particular place, is to be regarded as specific and not general. A residuary disposition of " all " the testator's " real and personal estate *in Jamaica* " has been held to be specific. (*Murray* v. *Nisbett*, 5 Ves., 149.) So also a bequest of " all my personal estate at W. " (*Sayer* v. *Sayer*, 2 Vern. Ch., 688.) And a bequest of all the testator's right, interest and property, in thirty shares in the *Bank of the United States of America.* (*Walton* v. *Walton*, 7 Johns. Ch., 258.) In *Twining* v. *Powell* (2 Collyer, 222) there was a devise of the house in Camden place and all there to M. for life and after her death to T. *Held*, that M. was entitled to the use of the specific personal property, and to use up the consumable articles. A general legacy has been defined as one which does not necessitate delivering any particular thing or paying money out of any particular portion of the estate; but a specific legacy is the converse of this. (*Schouler's Exrs. and Admrs.*, 461.)

Other provisions of the will indicate the intention of the testator that his wife should have the use of the articles given *in specie*. She was given the use, for life, of all the testator's real estate, including the house and farm referred to; and the personal property in question, being on the farm or in the house, may be presumed, without resort to extrinsic evidence, to consist in part of household furniture, and in part of such property as would be used in connection with the farm. The parol evidence shows it was of that nature. Besides, the testator directed that his sister should have a home and support on the farm; or, if she should become dissatisfied with that arrangement, and choose to live elsewhere, that then the wife should pay a specific sum annually for her support. As the use of the personal property was necessary to the occupancy of the house as a residence, and to the profitable use of the farm, the intention that the wife should have the use of the specific articles, in order to enable her to meet the burden imposed upon her by the terms of the will, seems clear. (*Hill* v. *Hill*, 2 Lans., 43.)

The intention that the wife should have the use of the said articles, *in specie*, even although some of them are such as would be consumed in the using, is further evinced by the sixth clause of the will, which gives to the testator's daughter, at the death of his wife,

whatever of his personal property "may then be left." The plaintiff's counsel call our attention to the fact that similar words received a different construction in the case of *Livingston* v. *Murray* (68 N. Y., 485, 490). But that construction was adopted in view of various other important provisions of the will in that case, which do not exist here.

The counsel for the respondent urge that the construction above suggested leaves the testator intestate as to any property not found on the farm or in the house at the time of his death. It is true courts are adverse, in general, to an interpretation of a will which will produce intestacy as to any part of the estate; but in this case the supposed intestacy would not divert any part of the testator's property from the course which he intended it to take, inasmuch as the sole heir and next of kin is the remainderman named in the will. Besides, if the testator did in fact leave personal property, which was not on the farm or in the house at the time of his death, that fact renders more clear his intention to make the gift to his wife specific.

It is also urged that if the legacy is interpreted as specific, it is repugnant to the direction in the first clause of the will for the payment of debts. There is no repugnancy. The bequest to the wife is subject to the payment of debts, funeral expenses and expenses of administration, and if, after exhausting such of the personal property as is not specifically given, any portion of the debts and expenses remain unpaid, it may be satisfied out of the articles the use of which is given specifically to the wife.

On the whole we are of the opinion that the defendant is entitled to the reasonable use of the property in question, *in specie*, during her life, subject to the payment of the debts and funeral expenses of the testator and expenses of administration, and such as shall remain at her death will belong to the plaintiff.

And the defendant should give to the plaintiff an inventory of the articles bequeathed, stating that they are in her possession under such bequest, and that at her death they, or so many or so much of them as shall not be consumed by a reasonable and proper use, are to be delivered up to the plaintiff. But as there is no proof of danger that the articles will be wasted or otherwise lost to the remainderman, the defendant should not be required to give security. (*Covenhoven* v. *Shuler*, 2 Paige, 122, 132.)

In case the bequest in question had been held to be general, the plaintiff, as sole executrix, would have been entitled to the possession of the property, and charged with the trust of selling the same and investing the proceeds, and paying the income to the life tenant. The question of construction is one that admits of debate. The learned judge, at Special Term, decided it in favor of the plaintiff. The case is therefore a proper one in which to apply to the court for a construction of the will, and the plaintiff as well as the defendant is entitled to her costs, to be paid out of the estate.

The judgment appealed from should be reversed, and judgment ordered in accordance with the foregoing opinion.

If counsel differ as to the form of the judgment, it may be settled before Presiding Justice SMITH, on five days notice.

HARDIN and BARKER, JJ., concurred.

Judgment appealed from reversed, and judgment ordered in accordance with the opinion herein, costs of both parties payable out of the estate.