In the Matter of the Settlement of the Accounts of MARTIN H. YATES as Executor.

Y., by his will, after payment of debts, gave to his wife all of his " estate, both real and personal, she to have and to hold the same and to receive and enjoy as her own property, the rents, issues and profits therefrom during life;" remainder to his children. He died seized of two adjoining farms, upon one of which he lived at the time of his decease, and which had been used in connection and in part for dairy purposes. The personal property consisted of stock upon the farms and a quantity of farm produce, to-wit: hay, oats, corn, wheat and potatoes. The widow used and disposed of the farm produce. Upon settlement of the accounts of the executor, *held,* that he was not chargeable therewith ; that it could not be presumed to have been the testator's intent to have the perishable property taken from the widow and sold by the executor, but rather, as they were essential to the support of the stock and the carrying on of the

farm, from which only her maintenance could come, that she was to enjoy and use the property as the testator had done and in the form in which he left it.

From the operation of the general rule, which admits of a limitation over of a chattel interest after a life estate in the same, are excepted articles of which the use consists in the consumption.

Where, upon trial before a referee, questions as to the admissibility of evidence objected to are without dissent reserved, and the referee is not thereafter asked to pass upon them, and no exceptions are taken, and no application made to strike out the testimony, no question is presented of which an appellate court can take notice.

(Submitted March 27, 1885; decided April 14, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 4, 1884, which affirmed a decree of the surrogate of the county of Cortland, upon settlement of the accounts of Martin H. Yates as executor of the will of Benjamin Yates, deceased.

The facts, so far as material, are stated in the opinion.

*Jerome Squires* for appellants. The order appointing the referee was made under section 2546 of the Code, and under it the referee had the same power as a referee appointed by the Supreme Court for the trial of an issue of fact in an action by the Supreme Court. (Code of Civ. Pro., § 2546.) The bequest to the widow was a general legacy. (*Scofield* v. *Adams*, 12 Hun, 369; *Tift* v. *Porter*, 8 N. Y. 518; Redf. on Ex. 838; 2 Bouv. Law Dict. 17; Schouler's Ex'rs & Adm'rs, 461.) A trust was created by the testator's will in the executor over this personal property. He took the legal title to it, and it was his duty to see that the terms of the will were executed, and this property disposed of as directed therein. (*Livingston* v. *Murry*, 68 N. Y. 492; *How* v. *Earl of Dartmouth*, 7 Ves. 137.) In doubtful cases the courts lean against a consideration which makes the legacy specific. (*Bliven* v. *Seymour*, 88 N. Y. 476; *Foote's Appeal*, 22 Pick. 229.) When there is a general bequest for life, with a remainder over, although it includes articles which are consumed in the using, the whole must be sold by the ex-

ecutor, and the interest or income only paid to the legatee for life. (Willard on Ex. 384; *Livingston* v. *Murry*, 68 N. Y. 492; *Covenhoven* v. *Schuler*, 2 Paige, 122; *Clark* v. *Clark*, 8 id. 153; *Cairns* v. *Chaubert*, 9 id. 160; *Calkins* v. *Calkins*, 1 Redf. 337; Redf. on Surr. 565, 567.) The residuary legatees had a vested right in all the estate of the testator at the time of his death. (*In re Bogart*, 28 Hun, 466; *Landers* v. *Bartle*, 29 id. 174; *Williams* v. *Peabody*, 8 id. 271.) When an executor neglects to file his accounts, and the legatees or interested parties institute proceedings to compel him to render an account of his proceedings, the surrogate may require him to pay the petitioner's costs individually, or allow the same out of the estate. (2 Redf. 349; Redf. on Surr. 758–759; *Noyes* v. *Children's Aid Soc.*, 70 N. Y. 482.)

*George E. Goodrich* and *J. N. Hammond* for respondent. The verified account of an executor, with vouchers, raises the presumption that the payments were properly made. (*Bainbridge* v. *McCullough*, 3 Thorn. & Cook, 486; 1 Hun, 488; *Metzer* v. *Metzer*, 1 Bradf. 246; *Westervelt* v. *Gregg*, 1 Barb, Ch. 469.) It establishes the genuineness of the claims paid. and throws the burden of proof on those contesting. (*Valentine* v. *Valentine*, 4 Redf. 265; *Estate of Liliendahl*, 2 Month. L. Bul. 98.) The accounting party is not bound to establish payments for which he presents vouchers, unless they have been objected to; and the burden of impeaching such payments is on the contestant. (*Boughton* v. *Flint*, 74 N. Y. 476.) It rests with the party objecting to establish more assets than are acknowledged by the account or inventory. (*Bainbridge* v. *McCullough*, 1 Hun, 488; *Marre* v. *Ginochio*, 2 Bradf. 165.) The contestant of an account, who charges that the administrator has not accounted for all the assets, must establish the fact of the omission with proof reasonably certain and definite. (*Fowler* v. *Lockwood*, 3 Redf. 465.) Executors on their accounting are not bound to show affirmatively a wise and honest administration. The party alleging dereliction is bound to prove it. (*Freeman* v. *Kellogg*, 4 Redf. 218.) The proper practice is to

state the objections to an account in the form of distinct and specific allegations, and give proof thereof, and this applies to all objections. (*Bainbridge* v. *McCullough*, 1 Hun, 488; Williams on Executors, 1784–85; *Young* v. *Shelton*, 3 Haz. 784.) If the rulings of an auditor are reviewable on appeal from a surrogate's decree (as to which *quœre*), the questions must first be presented to the surrogate and his decision obtained thereon. (*Boughton* v. *Flint*, 74 N. Y. 476.) The court on appeal will not reverse the decree, even when improper evidence is received against exceptions duly taken, unless it appears that the exceptant was necessarily prejudiced thereby, or that there was not other and competent evidence sufficient to sustain the decree. (Code of Civil Pro., § 2545; *Snyder* v. *Sherman*, 88 N. Y. 656.) As to the produce which had not been severed from the soil at the time of the death of the testator, the widow, and not the estate, has title, and is alone entitled to hold it. (*Stall* v. *Wilbur*, 77 N. Y. 158.) As to the produce which had been severed from the soil, the widow, and not the estate, was entitled, according to the provisions of the will, to possession and ownership. (*Covenhoven* v. *Shuler*, 2 Paige, 122; *Clark* v. *Clark*, 8 id. 153; *Cairnes* v. *Chaubert*, 9 id. 160; Redf. Pr. 566; *Thurber* v. *Chambers*, 66 N. Y. 48; *Bell* v. *Wane*, 4 Hun, 406; *Mansfield* v. *Mansfield*, 29 Alb. L. J. 295; *Hill* v. *Hill*, 2 Lans. 43; *Getman* v. *McMahon*, 30 Hun, 531; *Cohen* v. *Cohen*, 4 Redf. 48; *Flanagan* v. *Flanagan*, 8 Abb. N. C. 413.) The question of costs of the contest of the Surrogate's Court, being a matter within the discretion of the surrogate, is not a question for review on this appeal. (Code of Civil Pro., § 2558.)

DANFORTH, J. Benjamin Yates, by his will, dated July 27, 1870, appointed his son, Martin H. Yates, executor, and *first*, after his debts were paid, gave and bequeathed unto his wife, Mariah Yates, all of his "estate, both real and personal," adding, "she to have and to hold the same, and to receive and enjoy, as her own property, the rents, issues and profits therefrom" during life, "in lieu of dower;" *sec-*

*ond,* " at " her " death " he gave one farm of fifty acres to his son, Martin H. ; *third,* another to his son, Marovah Yates, and certain grandchildren; and *fourth,* all the rest, residue and remainder of his estate, both real and personal, " at the death of " his " said wife," he gave and bequeathed to his sons and the grandchildren above named.   He died on the 5th of October, 1875, leaving these two farms adjoining each other, and upon them a quantity of tools and agricultural implements, one harness, some horses, cows and hens, and a quantity of hay, oats, corn, wheat and potatoes.

In the spring of 1882, the executor, on petition of Marovah Yates and the grandchildren named in the residuary clause, was cited to account, and did so.   His account was contested by the petitioners, *first,* by a general denial of each allegation; and *second,* by averments that he omitted to charge himself with the above-mentioned agricultural tools, implements and harness, potatoes, corn, hay and wheat.   The matter was sent to a referee who, after hearing the parties and their witnesses, made a report, by which he charged the executor with the sum of $26.80 in addition to the items rendered by him, but, in other respects, allowed his account.   He found, as a fact, that the agricultural implements, tools and harness set out in the contestant's answer, were not the property of the testator, and construing the bequest to the wife as giving to her the custody of, and right to use in specie, those articles " *quo ipso usu consummuntur,*" held that he was not accountable for the hay, oats and other farm produce disposed of by her.   The widow died after the accounting commenced.   The report of the referee was confirmed by the surrogate, and his decree, upon appeal, was affirmed by the General Term of the Supreme Court.   Creditors are not concerned, for the debts of the testator were paid from the avails of personal property sold by the executor, and not now in dispute.

The principal question which upon this appeal can be considered is, whether the construction given to the bequest in favor of the wife is a correct one.   It seems in substantial

accord with the intention of the testator as collected from the will and surrounding circumstances. The personal property consisted of such articles as are above described. At the time the testator made the will, and at his death, he lived upon one of the farms and his son Martin upon the other; they were used in connection, and in part, at least, for dairy purposes. In giving to the widow this real and personal property for her enjoyment during life, we think it was his intention that she should possess and use it in specie. She was to have possession and control of the whole residue, after payment of debts; and it cannot be presumed that the testator expected these perishable articles would be preserved for the remaindermen, or taken from her by the executor for sale, and the interest or income only applied to her use. They were essential to the support of stock and the carrying on of the farm, from which only the widow's maintenance could come. Under such conditions the rule on which the appellant relies, viz. : that where there is a general bequest for life, with a remainder over, the property must be sold and converted into money (*Howe . v. Earl of Dartmouth*, 7 Ves. 137, and other cases cited by appellant), has no application. In every instance the question is one of intention. Here it seems apparent that the immediate conversion of the property would not have been consistent with the expectation of the testator. He left no property other than the land and such personal effects as I have described, besides articles of necessary household furniture. He nowhere provides for the sale or other conversion of any of his estate, and only "at the death" of his wife is it to be divided. Nor does the will contain express words for the creation of a trust. In view of these facts, it cannot be implied that the testator wished his executor, at the moment of his death, to sell all the personal property and pay over to his wife only the interest which might accrue upon the proceeds, or that he intended to bestow upon her a farm without the means of making it available, and so in effect break up her home, while, in words, he was securing to her its continued enjoyment. It is rather to be inferred that, until her death, she was to enjoy and use the

property as he had done, and in the same form in which he left it. (*Alcock* v. *Sloper*, 2 Myl. & K. 699; *Collins* v. *Collins*, id. 704; *Bethune* v. *Kennedy*, 1 Myl. & Cr. 114; *Hill* v. *Hill*, 2 Lans. 43;) All these cases had in view the *Earl of Dartmouth Case* (*supra*), but it was nevertheless held, that when the property in question was of a wasting character, and might be exhausted in the life-time of the tenant for life, the gift to the remainderman must be taken subject to such possibility, when it appeared that there was no intention of the testator that a conversion should take place before the death of the life-tenant, and such inference was drawn from circumstances not more important than those found in this case. The English cases relate chiefly to leasehold property, but *Hill* v. *Hill* (*supra*) was a proceeding like the one before us. The property involved was of the same general character; the question was the same. Similar circumstances, among others, existed, and the learned court held that the principle enunciated in the general rule could not be applied without doing violence to the intention of the testator, and, therefore, that the executor could not be charged.

We think no error was committed by the learned surrogate in coming to the same conclusion in the present case. The cases cited by the appellant follow the general law, which admits of a limitation over of a chattel interest after a life-estate in the same, but are not inconsistent with the rule excepting from its operation articles of which the use consists in the consumption. (*Gillespie* v. *Miller*, 5 Johns. Ch. 21.)

The other points made by the learned counsel for the appellant stand either on exceptions now taken for the first time, or under decisions of the referee and surrogate, depending on conflicting evidence and, therefore, not reviewable by us. Of the first class is the alleged error of the referee in receiving testimony from the executor as to personal transactions between himself and the testator. It was indeed frequently objected to, but the question of admissibility was reserved without dissent by the contestants, and the referee was at no time asked to pass upon it, nor was there an exception taken either before

him or the surrogate, nor any application made to strike out the objectionable testimony. The contestant's objection presents no error of which an appellate court can take notice. The evidence having been received was available in support of any fact established by it (*Flora* v. *Carbeun*, 38 N. Y. 111), and with other testimony in the case was sufficient to justify the surrogate in refusing to change the decision of the referee, or add to his account the value of the personal property referred to by the appellant. The object of this appeal is to obtain a contrary ruling as to that property, or a new accounting. Upon the facts found by the referee and approved by the surrogate and General Term, we have no power to direct either. (*Davis* v. *Clark*, 87 N. Y. 623.)

The award of costs was in the discretion of the surrogate. (Code, § 2558.)

Some other questions are presented, but they come within those above discussed and disclose no error.

The judgment should be affirmed, with costs to be paid by the appellants.

All concur.

Judgment accordingly.