## *In re* RICH'S ESTATE.

(*Supreme Court, General Term, Third Department.* July 2, 1888.)

TRUSTS—POWER OF TRUSTEES—SALE OF TRUST PROPERTY.

    Testator bequeathed to her executor, in trust, all her property, "with all the rents and profits therefrom, with power to sell the real estate, and convert it into personal property, for the following uses and purposes: To J. S. S. the use and income of all my property during his life," etc., with contingent remainders. *Held*, that a decree by the surrogate for the sale of certain personal property of testator with direction to the executor and trustee to invest the proceeds, was proper.

Appeal from surrogate's court, Schoharie county.

Upon the final accounting of Dewitt C. Dow, executor of the last will and testament of Fanny S. Rich, deceased, a decree was rendered by the surrogate's court of Schoharie county directing said executor to sell certain personal property, and invest the proceeds. From this decree John S. Smith, devisee and legatee under the will, appealed.

    Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

    *Andrew Hamilton*, for appellant. *Nathaniel C. Moak*, for respondent.

INGALLS, J. Fanny S. Rich made her last will and testament as follows: "I, Fanny S. Rich, of Cobleskill, N. Y., make this, my last will: I give, de-

vise, bequeath my estate and property, real and personal, as follows, that is to say: *First.* To Dewitt C. Dow, banker, and J. Shepard Smith, both of Cobleskill, all my property, in trust, with all the rents and profits therefrom, with power to sell the real estate, and convert it into personalty, for the following uses and purposes: *Second.* To my uncle, J. Shepard Smith, the use and income from all my property, except as hereinafter stated, during his life, and to him absolutely if he survives my brother, Henry, and sister, Kate S. Pierson. *Third.* After my uncle, J. Shepard Smith, is dead, to my brother and sister equally; either dying, to the survivor. *Fourth.* To Roxie Bice, $500. *Fifth.* I appoint Dewitt C. Dow, banker, of Cobleskill, N. Y., and J. Shepard Smith, attorney, of the same place, executors of this, my last will. They shall not be required to give security either as trustees or executors. *Sixth.* I hereby revoke all wills by me heretofore made. *Seventh.* This, my last will and testament, is written on one sheet of paper. In witness whereof, I, the above-named testatrix, have hereunto set my hand and seal this 25th day of January, 1886. FANNY S. RICH. [L. S.] The said Fanny S. Rich, at Cobleskill, on said day, signed and sealed this instrument, and published and declared the same as and for her last will, and we, at her request, and in her presence, and in the presence of each other, have hereunto written our names as subscribing witnesses. MONTFORD D. BAXTER, Residing at Cobleskill, Schoharie Co., N. Y. HENRY C. RULAND, Residing at East Cobleskill, Schoharie Co., N. Y." The will was duly proved as a will of real and personal estate, before the surrogate of the county of Schoharie. J. Shepard Smith, who is named in said will as an executor and trustee, declined to act as such, and Dewitt C. Dow, named in said will, accepted the appointment, duly qualified as executor and trustee, and gave security. Upon the accounting before the surrogate, it appeared that certain personal property which belonged to the testatrix at her decease, and which constituted a part of her estate, remained undisposed of, and the surrogate directed the said Dewitt C. Dow to sell and convert the same into money, and to hold the proceeds, as appears by the following order, viz.: "It appearing that no tombstone has been erected or purchased by the executor to mark the grave of the said deceased, it is hereby ordered, adjudged, and decreed that, out of and from the cash in the hands of said executor, the sum of not exceeding $200 be used and applied by said executor to purchase and erect a suitable tombstone at the grave of the said Fanny S. Rich, deceased, and said amount is hereby set apart for that purpose. As above set forth, and as appears by Schedule I of the executor's account presented and filed, property which was included in the inventory of personal estate of said deceased, at the sum and to the amount of $1,574.44, remains on hand, and for which the executor has received credit in this accounting. It is hereby ordered, adjudged, and decreed that said personal property be disposed of, in the discretion of said executor, at public or private sale, and the proceeds arising from such sale, together with the cash on hand remaining after the purchase of a tombstone, as above provided, be invested, and the income thereof and therefrom be applied, and the principal amount be distributed as directed and provided in and by the last will and testament of the said Fanny S. Rich, deceased."

It is, we think, quite apparent from the will that the testatrix intended that the persons named as executors and trustees should receive the estate devised to them in trust, with authority to receive the rents and profits, and to sell and convert the real estate into personal property, and to apply the same to the uses and purposes specified in the will; and we fail to discover that the law interposes any obstacle to the carrying out of such intention. The trust is clearly defined and legally constructed, and there seems to be nothing in the instrument which exempts the personal property in question from sale by the executor and trustee. *Covenhoven* v. *Shuler*, 2 Paige, 132; Redf. Surr. (3d Ed.) 580; *Spear* v. *Tinkham*, 2 Barb. Ch. 211. It is evident that the testa-

trix did not intend that such personal property should be left to become worn out under the control of the person to whom she bequeathed such income for life; but, rather, that it should be sold and converted into money, and invested for the benefit of the persons designated in her will as the objects of her bounty. If she had intended to bequeath such personal property to any person, to be enjoyed *in specie,* she would doubtless so have directed, and the bequest would have been couched in language clear and unmistakable. We so judge from the fact that the will is not inartificially drawn, but indicates a clearly-formed purpose in the mind of the testatrix, which has been intelligently conveyed by language which leaves little doubt in regard to the intention of the testatrix, or the construction which the will should receive. We do not perceive but that the disposition of such property was wise and just, and calculated to advance the interests of all concerned. Dewitt C. Dow, named in the will, took the property in two capacities, viz., as executor, and also as trustee, which were entirely consistent; and, when his duties strictly as executor were performed, he retained and controlled the fund as trustee, and as such was empowered to invest, receive the income, and disburse the same, according to the direction contained in the will. The legal title to the property became vested in the trustee, as by the will he is directed to receive all the rents and profits, and to invest and disburse the same as therein directed. The surrogate construed the will correctly, and properly directed the sale of the personal property in question. *Leggett* v. *Perkins,* 2 N. Y. 297; *Donovan* v. *Van De Mark,* 78 N. Y. 244; *Marx* v. *McGlynn,* 88 N. Y. 357. The case *In re Yates,* 99 N. Y. 94, 1 N. E. Rep. 248, seems clearly distinguishable from the case at bar. The decree should be affirmed, with costs to be paid by appellant.

LEARNED, P. J., and LANDON, J., concur.