(Cleveland O., Police Court, 1901.)

THE CITY OF CLEVELAND OHIO v. ALBERT BRYAN.

---

1. An ordinance of a municipal corporation forbidding the erection of signs, billboards and other structures for the purpose of displaying advertising matter of any kind is beyond the power conferred in subdivision 27. section 1692, Rev. Stat., and therefore void.

2. Such ordinance forbidding the construction of the billboard at a greater height than two feet above the level of the adjoining street and of no greater height than ten feet, and not to be at a less distance than fifteen feet back of the building line of any building or buildings adjoining thereto, is a deprivation of the use of property and is unconstitutional and void.

3. The council has a right by virtue of the legislative grant to pass an ordinance which shall compel the use of such incombustible material in the erection of signs and billboards within the fire limits as would prevent the spreading of fire from one building to another, and also has the power to compel the erection of the same in a safe and secure manner, not dangerous to others.

---

FIEDLER, J.:

The information in the above entitled case charges in the first count: That one Albert Bryan, late of said city of Cleveland, on September 11, 1900, at said city and county, did unlawfully and wilfully cause to be erected, upon a certain lot of land fronting on Wood-land avenue, within the city of Cleveland, a certain billboard, built for the purpose of displaying thereon advertising matter containing a greater superficial area than fifty square feet, to-wit: four hundred and seventy-one square feet.

The same information charges in the second count: That on September 11, 1900, at said city of Cleveland, in said county of Cuyahoga, he, the said Albert Bryan did unlawfully cause to be erected upon a certain lot of land fronting on Woodland avenue within the city of Cleveland, a certain billboard, built for the purpose of displaying thereon certain advertising matter, which billboard is located within fifteen feet of the inside line of a certain sidewalk in said Woodland avenue, within said city, to-wit: within eighteen inches of the inside line of said sidewalk, contrary to the form of an ordinance of said city, in such case made and provided to-wit: Ordinance No. 29,008, which ordinance reads as follows:

"Ordinance No. 29,008. An ordinance to regulate the erection of signs, billboards and other structures built for the purpose of displaying advertising matter of any kind.

"Section 1. Be it ordained by the council of the city of Cleveland that it shall be unlawful for any person, firm, company or corporation to build or erect, or cause to be erected, upon any lot of land within the city of Cleveland, or for any owner of such lot of land to permit the same to be erected, any sign, billboard, or other structure built for the purpose of displaying thereon advertising matter of any kind or description, which shall contain a greater superficial area than fifty (50) square feet, or which shall be located within fifteen (15) feet of the inside line of any sidewalk within the city of Cleveland, or which shall be located at a less distance than fifteen (15) feet back of the building line of any building or buildings adjoining thereto.

"Section. No such sign, billboard or other structure built for the purpose of displaying thereon advertising matter of any kind within the city of Cleveland, shall be constructed at a greater height than ten (10) feet above the level of the adjoining street, and the base of such sign, billboard or other structure shall be in all cases at least two (2) feet above the level of the adjoining street, and in case the grade of the adjoining street has not been established, no such sign, billboard or other structure shall be constructed at a greater height than ten (10) feet above the surface of the ground.

"Section 3. No such sign, billboard or other structure built for the purpose of displaying

thereon advertising matter of any kind shall be within five (5) feet of any other sign, billboard or other structure from their nearest point of contact and each such sign, billboard or other structure shall have an independent support.

"Section 4. Any person, firm, company or corporation who violate any of the provisions of this ordinance shall, on conviction thereof be fined for each offense in any sum not less than twenty-five dollars ($25.00) nor more than fifty dollars ($50.00), and every such person, firm, company or corporation shall be deemed guilty of a separate offense for every day of such violation, and shall be subject to the penalty imposed by this section for each and every such separate offense; and any builder *or* contractor who constructs or aids in the construction of any sign, billboard or other structure built for the purpose of displaying thereon advertising matter of any kind on any lot within the city of Cleveland, in violation of any of the provisions of this ordinance shall be deemed guilty of a violation of this ordinance.

"Section 5. This ordinance shall take effect and be in force from and after its passage and legal publication.

"Passed, July 30, 1900.

"D. B. Steurer, President of the Council. "Howard H. Burgess, city clerk. Aug. 10-17."

To the above information counsel for the defendant demurred in the words following, to-wit: "And now comes the said defendant, Al. Bryan, and demurs to the information herein for that said information does not state facts sufficient to cause an offense under the laws and ordinances of the city of Cleveland." Both the prosecutor and counsel for the defendant submitted exhaustive briefs in support of their respective sides of the case.

The first question that presents itself *to* this court is: Did the council of the city of Cleveland have the power to pass the above ordinance, that is to say, (a) did the council have a specific grant of power to pass such an ordinance? or, (b) does the ordinance come within the general provision of power, granted said council with regard to police regulations?

The second question that would naturally present itself next, is, is there a statutory provision giving municipal corporations the power to pass an ordinance of this kind?

Thirdly: If there is such a statutory grant of power, is the ordinance which was passed in pursuance thereof reasonable and valid, or is the ordinance unreasonable, discriminating and invalid.

Section 1692, Revised Statutes, reads as follows: In addition to the powers specifically granted in this title, and subject to the exceptions and limitations in other parts of it, cities and villages shall have the general powers, enumerated in this section and the council may provide by ordinance for the exercise and enforcement of the same.

Subdivision 27, section 1692, Revised Statutes, reads: "(Buildings and fences.) To regulate the erection of buildings, fences and other structures within the corporate limits."

The ordinance was consequently passed in pursuance of the power granted the council in subdivision 27, section 1692, Revised Statutes.

The ordinance tends to regulate the erection of signs, billboards and other structures built for the purpose of displaying thereon advertising matter of any kind. Now, let us see whether the ordinance attempts to follow the authority conferred in section 1692, Revised Statutes, subdivision 27. The ordinance, as is very apparent, was passed as a police regulation. Police power in its broadest acceptation, means the general power of a government to preserve and promote public welfare, even at the expense of private rights. The police power of a state extends to the protection of lives, limbs, health, comfort and quiet of all persons, and to the protection of all property within the state, and hence to the making of all regulations promotive of domestic order, morals, health and safety.

Section 1 of the ordinance reads: Be it ordained by the council of the city of Cleveland, that it shall be unlawful for any firm, company or corporation to build or erect, o rcause to be erected, any sign, billboard or other structure built for the purpose of displaying thereon advertising matter of any kind or description, which shall contain a greater superficial area than fifty (50) square feet, or which shall be located within fifteen (15) feet of the inside of any sidewalk within the city of Cleveland or which shall be located at a less distance than fifteen (15) feet back of the building line of any building or buildings adjoining thereto.

Let us closely scrutinize section one (1) and see whether it attempts to follow the authority conferred in section 1692, Revised Statutes subdivision 27. Clearly not. It prohibits any signs, billboard or other structure, built for the purpose of displaying thereon advertising matter of any kind to contain a greater superficial area than fifty square feet, nor shall they be located at a less distance than fifteen feet back of the building line of any building or buildings adjoining thereto. Let us bear in mind, now, that this ordinance was passed as a police regulation for the purpose of protecting, above all things, life, limb, health and prop-

erty, a sort of a safety regulation. Let us suppose now, that certain signs, billboards and other structures were built, and that they were not built for the purpose of displaying thereon advertising matter of any kind or description although they contained more than fifty square feet of superficial area, and were built within fifteen feet of the inside line of any sidewalk or were located at a less distance than fifteen feet back of the building line of any building or buildings adjoining thereto, but let us suppose that they were erected for the purpose of enclosing a certain lot of land, or for some other purposes, would those signs, billboards or other structures come within the purview of the ordinance? Most assuredly not, because they were not built for the purpose of displaying thereon advertising matter of any kind or description.

The same argument would hold true as to fences. An ordinance which forbids a man from placing upon any portion of his premises a structure safe and secure in itself and not dangerous to others is a deprivation of the use of a part of his property and is unconstitutional. *Janesville* v. *Carpenter*, 77 Wis., 288, 301; *Yates, In re*, 99 N. Y., 94, 98.

In *Letts* v. *Kessler*, 54 Ohio St., 73, L. & K. owned adjoining lots. L. erected on his lot a board fence reaching to the roof of K's house which stood on the line of the two lots, which fence shut off light and air from the windows of the house of K, to its injury, which fence was so erected by L for no useful or ornamental purpose, but from motives of unmixed malice toward K. In an action by K against L to compel the removal of the fence, *Held*: That L had a legal right to erect and maintain such fence and that neither law nor equity could compel its removal.

On page 80 of *Letts* v. *Kessler, supra,* 54 Ohio St., 73, the court says: "It is and must be conceded that he might, by erecting a building on his lot, shut off her light and air to exactly the same extent as is done by this fence, and that in such case she would be without right and without remedy even though done with the same feelings of malice as induced him to erect the fence; thus making his acts lawful when the malice is seasoned with profit, or some show of profit to himself, and unlawful when his malice is unmixed with profit, the injury or inconvenience to her, meanwhile, remaining the same in both cases."

The defendant Bryan, as had been agreed by opposing counsel, is the owner, under proper lease of all property or land where said billboards are located. It must be conceded that Bryan has a right to erect a building on any of those lots for residence purposes and sub-

sequently paint, post and plaster it with all sorts of displays, colors, signs, and advertisements to exactly the same extent as is forbidden in the ordinance, and that in such case the city would be without right and without remedy though the same result was attained and the same effect produced.

Right here, let me cite the opinion of the court in *Crawford* v. *Topeka*, 51 Kan., 756, 37 A. S. Rep., 323, which involves the construction of a city ordinance very similar to the one under consideration here. The court, in its opinion, uses the following language: "All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health and comfort of the public, but a limitation without reason or necessity cannot be enforced. In what way can the erection of a safe structure for advertising purposes near the front of a lot, endanger public safety any more than a light structure for some other lawful purpose? * * * Although the police power is a broad one, it is not without limitations, and a secure structure, which is not an infringement upon the public safety and is not a nuisance, cannot be made one by legislative fiat and then prohibited. * * * It is doubtless within the power of the city to prohibit the erection of insecure billboards, or other structures, require the owners to maintain them in a secure condition and to provide for their removal at the expense of the owners in case they become dangerous. Perhaps regulations may be made with reference to the manner of construction, so as to ensure safety, but the prohibition of the erection of structures upon the lot line, however safe they might be, would be an unwarranted invasion of private right and is without legislative authority."

The reasonable enjoyment of one's real estate is certainly a vested right which cannot be interfered with or limited arbitrarily. The constitutional guaranty of the protection of all private rights extends equally to the enjoyment and possession of lands, and arbitrary interference by the government, or by its authority, with the reasonable enjoyment of private land, is a taking of private property without due process of law which is inhibited by the constitution.

But it is not every use which comes within this constitutional protection. One has a vested right to only a reasonable use of his own lands. It is not difficult to find the rule which determines the limitation upon the lawful way or reasonable manner of using lands. It is a rule which turns lands or property arbitrarily in the law of police power which is comprehended in the legal maxim, *sic utere tuo*

*ut alienum non laedas.* One can legally make a use of his property in only such manner as it will not injure another.

As has been expressed in the preceding section, the right of personal security against acts which cause injury to health or great bodily discomfort cannot be made absolute in organized society; it must yield to the reasonable demands of trade and commerce and other great interests of society. While the state cannot arbitrarily violate the right of personal security to health by an unlimited authorization of acts which do harm to health, or render one s residence less comfortable, there is involved in this matter the consideration of what constitutes a reasonable use of one's property. At common law this is a strictly judicial question of fact, the answer to which varies according to the circumstances of each case.

I now cite from the 17 Am. & Eng. Ency. Law, 248: "The power to make ordinances must not only be exercised strictly within the limits of the charter, but in perfect subordination to the constitution and general law of the land and the rights dependent thereon. An ordinance which is repugnant either to the constitution or general laws, is *ipso facto* void."

Following are some fundamental maxims:

*Cujus est solum ejus est usque ad caelum et ad infernos:* He who owns the soil owns it to the sky an d to the center of the earth.

*Nullus videtur dolo facere, qui uno jure utitur:* No man is considered a wrongdoer, who avails himself of his own right.

*Qui jure uno utitur, nemini facit injuriam:* He who uses his own right harms no one.

It seems to the court that the ordinance does not attempt to regulate the erection of buildings, fences and other structures, but undertakes to prohibit a certain kind of display advertisement; in other words, the city council, in passing this ordinance, did not follow the authority conferred by section 1692, Revised Statutes, subdivision 27, and is therefore invalid.

It is the opinion of the court, furthermore, that the ordinance is an unreasonable interference with the rights of private property, an infringement upon one's private rights. It does not appear that the signs, billboards and other structures of the defendant are injurious to life, limb, health, comfort and quiet of others or an obstruction to the free use of the property of others, and the same is therefore void.

In denying the use of the fifteen feet from the inside line of any sidewalk and the fifteen feet back of the building line of any building or buildings adjoining thereto, it contravenes section 1 of the fourteenth amendment of the constitution of the United States, the last part of which section reads: "Nor shall any state deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws."

So also does it contravene section 19 of article 1 of the bill of rights of the constitution of Ohio which reads (first clause): "Private property shall ever be held inviolate but subservient to the public welfare."

The ordinance is therefore unconstitutional.

The court is of the opinion that the city council has a right by virtue of the legislative grant of power to pass an ordinance which shall compel the use of such incombustible material in the erection of signs and billboards within the fire limits that would prevent the spreading of fire from one building, structure or edifice to another. It is furthermore the opinion of the court that the council has the power to compel the erection of the same in a safe and secure manner and not dangerous to others.

The demurrer in the above entitled action is sustained and the defendant is discharged.

*Sanders & Wilson & Wilson & David,* by *Martin W. Sanders,* of counsel for defendant.

George Schindler, Prosecuting Attorney, for the city.

*George Schindler,* Prosecuting Attorney Police Court, for city.

In the general delegations of power to cities and villages is the following: "To regulate the erection of buildings, fences and other structures within the corporate limits." Sec. 1692, R. S.

The phrase "or other structures" brings under the regulating hand of the city council things built or constructed by man other than "buildings or fences." Bill boards are "structures" within the meaning of the statutes. The ordinance is against the use of private property near streets in such a way as to endanger the public or interfere with it in those matters which come within the police powers of the state. The ordinance nowhere recognizes the existence of a bill-posting occupation and the argument on this head is outside of the case. The legislature has given to the city all the power it has on the subject under the constitution. The state has the power to put restrictions upon the exercise of dominion by the private citizen over his own property where some public right is in danger of violation unless guarded by a public statute or ordinance. When this is shown the power inherent in sovereignty may be invoked. When invoked in this manner it is called, the exercise of the police powers of the state. This power, when exercised in limitation of private right must be justified on the ground of public health, safety, morals or of public welfare, domestic order or public comfort. Thus the city council may protect

the people from fences or bill boards so near the street as to endanger the safety by a reasonable exercise of the police power, delegated by the statutes, which gives it power to "regulate other structures within the corporate limits." The policy of regulating bill boards in Cleveland by an ordinance is solely a question for the city council, and is never a question for the court. The question for the court is whether the carrying out of this policy in the ordinance invades the constitutional guaranties of individual rights. *Munn v. People*, 69 Ill., 93; *Soon Hing v. Crowley*, 113 U. S., 703.

If bill boards have become a public annoyance and such a detriment to public comfort as in the opinion of the council should be regulated by ordinance, the people through the city council have a right to exercise the police power in the interest of public comfort, and the courts cannot strike down such legislation unless it violates some constitutional right. Unless it is needlessly oppressive no right is unlawfully invaded and the court must be able to say that it is plainly oppressive, not that it might possibly in some instance be oppressive. *People v. Toynbee*, 2 Park Cr. Rep., 329; *Lake View v. Rose Hill Co.*, 70 Ill., 191.

*Wilson & David* and *Martin & Sanders*, for Defendant: Sub sec. 27 of sec. 1692, R. S., is the only section upon which this ordinance could possibly be based.

Where the authority to regulate a particular occupation is not given by statute, such authority will be held not to exist. *Dillon's Mun. Corp.*, sec. 319

The right of the citizen to engage in a business or follow a profession or calling is protected by the constitution. It is always a judicial question whether any particular regulation of such right is a valid exercise of legislative power. *Tiedeman's Lim. of Police Powers*, sec. 85 and 194; *Ex parte Tuttle*, 91 Cal., 589; *Ex parte Witwell*, 98 Cal., 78.

It is claimed that the purpose of this ordinance was to protect citizens against the dangers of such structures, on account of their liability to fall or be blown over, and also from their combustible nature. But it will be seen that the ordinance has no provisions as to the material of the structure or its strength, nor does it prohibit the erection of a structure over ten feet high or within 15 feet of the inside line of any sidewalk, within the city of Cleveland, if it be not intended to be used for advertising purposes; and it is difficult to see how a structure of ten feet or over and within fifteen feet of the sidewalk, is more dangerous from the fact that is has an advertisement upon it. If the structure were of iron instead of boards and built in the most substantial and durable manner, within fifteen feet of the sidewalk and over ten feet high, and used for advertising and sign purposes, it would be in violation of the terms of the ordinance.

There is no question but what the city possesses the right under the police power to prescribe the material used in the construction of buildings or structures within certain fire limits. This, however, does not seem to be the purpose of this ordinance, but the object appears to have been to prohibit bill posting on the structures mentioned, regardless of the fact that bill posting or advertising on sign boards, where the matter advertised is not indecent or immoral, is a harmless and legitimate business. Whenever this species of special or class legislation, either by state or by a municipality has been brought before the courts, they have not failed to declare it invalid and void, whether the same be clothed in the garb of general legislation, or under the guise of exercise of police power

*Wilshire Bill Posting Co. v. The Common Council of Los Angeles, Cal.; Crawford v. The City of Topeka*, 51 Kansas, 756; *Tiedeman on Limitation of Police Powers*, sec. 122; *man on Limitation of Police Powers*, sec. 122, 17 *Am. & Ency. of Law*, 248; *Crawford v. City Topeka*, 51 Kansas, 756; *25th Atl. Rep.*, 461; *1st Dillon on Mun. Corp.*, sec. 91, 319, 321, 323, 324; *23rd Howard*, 435; 40 *Kan.*, 176; 29 *Wis.*, 315; *25th Minn.*, 352; *2nd. Am. & Eng. Ency.*, corporation cases, 171. *1st Cushing*, 442; 53 *Ills.*, 102.

The ordinance which forbids a man from placing upon any portion of his premises a structure safe and secure in itself and not dangerous to others is a deprivation of a use of a part of his property and is unconstitutional. 77 *Wis.*, 288, 301; 99 *N. Y.*, 98; *City of Denver v. Mullen*, 7 Colorado, 345, 18, 1899. superior court of Los Angeles, Cal; 103 *Cal.*, 11; *Pacific, Rep.*, 5; 51 *Kan.*, 752; 89 *Cal.*, pp., 440-42; *Colorado Springs v. The Curran Bill Posting·Co.;* 10 *Wallace*, 505. 79 *Ills.*, 25, 44 *Iowa*, 66.

Another feature of the unreasonableness of the ordinance is that requiring that the bill boards be constructed in a particular manner. This point is fully supported, and the ordinance declared invalid for this reason in the case of *Crawford v. Topeka*, 51 Kan., 756.

Authorities cited bearing generally on the question of bill boards: 33 *Pacific Reporter*, 476, and *In Re Los Angeles*, Journal June 22, 1898, 16th *Col.*, 327; *N. & C. Bridge Co.*, 90 Kentucky, 195; 11 *Bush.*, 452; 98 *Ky.*, 43; 88 *Fed. Rep.*, 229; 154 *U. S.*, 364; *Metzger v Hockrein, Wis.;* 5 *N. W.*, 308; *Village v. Kallagher*, 52 Ohio St., 183; *The Consolidated Bill Posting Co., v. Louisville, Kentucky*, decided April or May, 1900, Vol., 5, No. 3, *Bill Poster Display Advertising*, page 9; *Colorado Springs v. Curran Bill Posting Co.*, of Colorado, same, Vol., 4. No. 12, page 12; *The Rochester Bill Posting Co. v. The Building Committee of the Common Council of Rochester, N. Y.;* same; Vol., 4, No. 11. (Jan. 1900), page 15; *A. Van Buren & Co. v. The Building Department of the City of New York*, same, Vol., 4, October, 1899, page 11; *Rochester Bill Posting Co. v. The City of Rochester*, July, 1899, same, No. 5, page 17; *In Re Habeas Corpus of the Wilshire Posting Co.*, same, Vol., 3, No. 6, page 22; *California Ad-Sign Co. v. The City of San*

*Francisco,* same, Vol. 3. No. 3, p. 13, (May, 1898).

This ordinance is unconstiutional for the reasons that no general or specific power has been granted the council of the city of Cleveland to pass such an ordinance; and the council has transcended its power in so doing, and has infringed thereby, the constitutional right of the citizen to use his property for his own benefit, and to carry on his business for the gaining of a livelihood.